UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ZENA PARKER, | : | |
| | : | No. 3:13-cv-1398 (CSH) |
| Plaintiff, | : | |
| v. | : | |
| CAROLYN W. COLVIN. ACTING COMMISSIONER OF SOCIAL SECURITY, | : | MARCH 4, 2015 |
| Defendant. | : | |

### RULING ON RECOMMENDED RULING OF MAGISTRATE JUDGE

**HAIGHT, Senior District Judge:**

  This case arises out of the decision of the Defendant Acting Commissioner of Social Security which denied Plaintiff Zena Parker's application for Supplemental Security Income benefits. The governing statute is 42 U.S.C. §§ 405(g) and 1383(c)(3). The parties filed cross-motions to reverse and to affirm the Commissioner's decision. The case was referred to Magistrate Judge Joan G. Margolis. Judge Margolis has filed a Recommended Ruling [Doc. 23], to which no objections have been interposed.

  The Magistrate Judge recommends that Plaintiff's motion to reverse the Commissioner's decision be "granted in large part such that this matter is remanded consistent with the conclusion reached in Section IV.A.1." Doc. [23] at 27 (underline omitted). In that sub-section of her Recommended Ruling, Judge Margolis concluded that the Administrative Law Judge, who had held against Plaintiff on the question of her asserted disability, failed to perform his duty to develop the record in respect of Plaintiff's mental limitations.

  This Court has reviewed the Recommended Ruling, together with its multiple and meticulous

1

citations to the administrative record, and agrees with that conclusion. The records of the Morris Foundation and the Alliance Medical Group, facilities where Plaintiff received mental health treatment, should have been obtained and studied by the ALJ. The omission is particularly telling in view of the ALJ's choosing to rely "on the findings of the non-examining agency consultants" on this aspect of the case. Doc. [23] at 25. Judge Margolis correctly observes: "The ALJ had a duty to review the records of *plaintiff's providers* for her mental health impairment, namely, the records from the Morris Foundation, before reaching a conclusion regarding plaintiff's mental limitations, particularly when the ALJ reached his conclusion as to plaintiff's 'mild' limitations in light of a lack of *treatment records*." *Id*. (emphases added). The ALJ disregarded the strictures of the Treating Physician Rule, a doctrine so established that it requires no citation of authority.

The Recommended Ruling, for sufficient reasons, rejects Plaintiff's motion based upon the ALJ's declining to find disability based upon the physical impairment of rheumatoid arthritis.

The Recommended Ruling concludes with the recommendations that the Plaintiff's motion to reverse the Commissioner's decision be granted in large part and the case remanded in a manner and for the purpose consistent with Section IV.A.1. of the Ruling; and that the Commissioner's motion to affirm be granted in limited part and denied in large part.

This Court accepts the Magistrate Judge's Recommended Ruling in its entirety, and adopts it as the Judgment of the Court. The Clerk is directed to remand the case to the Commissioner of Social Security, for further proceedings consistent with the Recommended Ruling and this Ruling.

Thereupon, the Clerk is directed to close the file.

It is SO ORDERED.

Dated:  New Haven, Connecticut
        March 4, 2015

/s/ *Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge